UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MADELINE IVY SMITH,

       Plaintiff,                     Case No. 06-14960

v.                                       District Judge David M. Lawson
                                          Magistrate Judge R. Steven Whalen

MICHIGAN DEPARTMENT
OF HUMAN SERVICES,

       Defendant.
_____/

**REPORT AND RECOMMENDATION RE: DEFENDANT'S
MOTION TO DISMISS**

Before the Court is Defendant Michigan Department of Human Services' Motion to Dismiss [Docket #9], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). I recommend that Defendant's motion be GRANTED.

## I. BACKGROUND FACTS

In her six-page *pro se* complaint, the Plaintiff does not articulate a specific legal theory or basis for federal jurisdiction. She states that she was employed by the Michigan Department of Social Services (now Michigan Department of Human Services, the Defendant in this case) from 1994 to 1996, and that her problems with the Defendant began shortly afterward. As set forth in the complaint, her problems fall into five general categories: (1) behavior and disciplinary problems her children are having in school; (2)

-1-

employment problems, including conflicts with co-workers and being "labeled as a troublemaker;" (3) actions of Child Protective Services, which received at least seven complaints of abuse and neglect, including complaints generated by the Southfield Police Department, and which resulted in her children being removed from her home and placed in foster care; (4) difficulty in getting child support payments from the father of her children;[1] and (5) problems maintaining social relationships.

Plaintiff states that she has filed previous complaints with the United States Department of Justice, the Detroit Police Department, the Southfield Police Department, the United Nations, the Michigan Attorney Grievance Commission, the Attorney General's Consumer Protection Agency, the Michigan Employment Security Commission and the Michigan Public Service Commission. She has also written to U.S. Senators Carl Levin and Debbie Stabenow.

Plaintiff requests three-fold injunctive relief, (1) preventing Defendants from performing psychological and emotional attacks on her and her children: (2) restoring her and her children's lives to what they were before these problems began; and (3) preventing the Defendants "from ever raising the claim that mental cruelty, psychological attacks, and emotional abuse is not a crime in the State of Michigan or anywhere else that I should reside in the United States of America, for the rest of me and my children's lives."

---

[1] Regarding child support, Plaintiff states that she has filed a complaint with the Michigan Attorney General' Office, and is awaiting a decision.

Plaintiff was granted IFP status on December 8, 2006. On December 12, 2006, the undersigned filed a Report and Recommendation, recommending that this Complaint be dismissed *sua sponte* as frivolous, pursuant to 28 U.S.C. § 1915(e)(2), as well as for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *See* Docket #6. Plaintiff filed objections to the Report and Recommendation [Docket #7], and that matter is still pending.

On December 27, 2007, Defendant filed the present motion to dismiss [Docket #9], arguing that the Complaint does not allege any proper basis for federal jurisdiction, as required by Fed.R.Civ.P. 8(a), and should therefore be dismissed in accordance with Fed.R.Civ.P. 12(b)(6).

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### III. ANALYSIS

Defendant's Motion to Dismiss should be granted for precisely the same reasons set forth in the previous Report & Recommendation [Docket #6].

To reiterate, Fed.R.Civ.P. 8(a) requires that a pleading "shall contain...a short and plain statement of the grounds upon which the court's jurisdiction depends...[and] a short and plain statement of the claim showing that the pleader is entitled to relief."

In this case, the Plaintiff describes numerous personal, occupational and parental problems that apparently began at some point after she left the Defendant's employ in 1998. However, she does not allege that she was wrongfully terminated from her employment, nor does she seek relief related to wrongful termination. Furthermore, the Plaintiff has not set forth any facts or arguments from which this Court could infer federal question jurisdiction, that is, a civil action "arising under the Constitution, laws, of treaties of the United States." 28 U.S.C. § 1331.

Regarding the parental rights/abuse and neglect petitions, as well as the child support question, there are no apparent issues of procedural due process;[2] in fact, the

---

[2] To the extent that the complaint could be construed as raising a substantive due process violation, it would fail as a matter of law. "A plaintiff asserting a substantive due process claim faces a virtually insurmountable uphill struggle. He must show that the government conduct in question was so reprehensible as to 'shock the conscience' of the

Plaintiff indicates that in May of 2006, she appeared in state court along with attorneys and a guardian ad litem for her children, indicating that she was provided with notice and an opportunity to be heard. Moreover, the substantive issues of parental rights and child support are strictly matters of state law. The Sixth Circuit has consistently held that "[e]ven when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Trust Company*, 654 F.2d 1212, 1215 (6th Cir. 1981), citing *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th ir. 1973). *Firestone* characterized this as the "domestic relations exception" to federal jurisdiction. 654 F.2d at 1216. Indeed, more than 100 years ago, the United States Supreme Court stated, "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burns*, 136 U.S. 586, 593-94, 10 S.Ct. 850, 34 L.Ed. 500 (1890).

In short, even if everything the Plaintiff says is assumed to be true, she has not set forth any justiciable claim arising under federal law, nor has she stated any facts from which an inference of a constitutional violation could be drawn. While it does appear that Ms. Smith is beset by many problems, her remedies, if any, must come from somewhere other than this Court. Accordingly, she has failed to state a claim under which relief can be granted, and, in addition to the reasons set forth in the previous Report &

---

court." *Rimmer-Bey v. Brown*, 62 F.3d 789, 791, fn. 4 (6th Cir. 1995), quoting *Rochin v. California,* 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952). The Plaintiff has made no showing that the Defendant Department of Human Services undertook any activity which would meet that standard.

Recommendation, her Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

## IV. CONCLUSION

I recommend that the Defendant's Motion to Dismiss [Docket #9] be GRANTED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN

UNITED STATES MAGISTRATE JUDGE

Dated: July 3, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 3, 2007.

s/Susan Jefferson
Case Manager