UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MADELINE IVY SMITH,

        Plaintiff,

v.

        Case Number 06-14960
        Honorable David M. Lawson

MICHIGAN DEPARTMENT OF
HUMAN SERVICES,

        Defendant.

_____/

## ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE WITH PREJUDICE

This matter is before the Court on the plaintiff's objections to a report issued by Magistrate Judge R. Steven Whalen on December 12, 2006, recommending that the Court *sua sponte* dismiss the case because he found it to be frivolous and there is no discernable basis for federal jurisdiction. The magistrate judge reviewed the complaint pursuant to 28 U.S.C. § 1915(e), which requires the Court to screen all civil complaints filed *in forma pauperis*. If a complaint lacks an arguable basis in either fact or law, the Court must dismiss it as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002). The magistrate judge concluded that the complaint was frivolous because it sought relief unobtainable from this Court, it did not set forth claims arising under federal law, and to the extent it did make out a claim, it fell within the so-called domestic relations exception to federal jurisdiction described in *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215-16 (6th Cir. 1981).

The plaintiff objects to the recommendation that her case be dismissed. She clarifies that she is the victim of abuses of power by state officials and her right to liberty has been abridged. She

contends that her sister has conspired with representatives from the Department of Human Services, apparently to interfere with her parental rights. She also says that she was prepared to pay a filing fee when she came to court to file her complaint, but court personnel persuaded her to ask for pauper status.

With these clarifications, it is not so certain that the Court lacks jurisdiction over the claims. However, the Court agrees with the magistrate judge that the plaintiff's complaint must be dismissed because it lacks an arguable basis in fact or law.

The plaintiff's six-page *pro se* complaint names the "People of the State of Michigan" and the Michigan Department of Human Services (MDHS) as defendants. It does not specify a basis for federal jurisdiction. The plaintiff also does not articulate a recognizable cause of action against the defendants. Rather, it appears that she seeks to hold the defendants responsible for a litany of personal, occupational, and parental problems that have occurred in the ten years between the end of her employment with the Michigan Department of Social Services (now the Michigan Department of Human Services) and the filing of her complaint. For instance, the plaintiff sets forth grievances with various state and local agencies: Southfield Public Schools, whose teachers send "mixed messages" and exaggerate her children's behavioral problems, Compl. at 1; the Southfield Police Department, whose officers at least twice reported her to Child Protective Services; Wayne County Friend of the Court and Wayne County Prosecutors Office, both of which have been unable to assist the plaintiff in obtaining child support payments; and Child Protective Services, which apparently responded to at least seven complaints of abuse and neglect concerning the plaintiff, and which temporarily placed her children in foster care.

The plaintiff also includes conflicts with coworkers, strained relationships with friends, family, and neighbors, and a lack of male intimacy as elements of her claim. She interprets these hardships of everyday life as intentional attacks on her well-being, and she believes that these problems amount to psychological and emotional abuse by the defendants, "the People of the State of Michigan" and the Michigan Department of Human Services. For relief, the plaintiff requests an injunction that will: (1) prevent the defendants from inflicting future "emotional and psychological homicide" against her, (2) restore her life to its previous state, and (3) "prevent the defendants from ever raising the claim that mental cruelty, psychological attacks, and emotional abuse is not a crime in the State of Michigan or anywhere else that I should reside in the United States of America, for the rest of me and my children lives." *Id.* at 6 (mistakes in original).

As Judge Whalen acknowledged, the Court is required to undertake a *sua sponte* review of the plaintiff's complaint to determine whether the complaint states a claim on which relief may be granted. *See Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002) (citing 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e(c)(1)). When conducting this review, a *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis,* 860 F. Supp. 391, 392 (E.D. Mich. 1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, it is held to a "less stringent standard" than those pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). Such complaints, however, must plead facts sufficient to show that a cognizable legal wrong has been committed from which the plaintiff may be granted relief. Fed. R. Civ. P. 12(b).

Federal courts have jurisdiction over cases and controversies that arise under federal law. 28 U.S.C. § 1331. A case arises under federal law if the Constitution or a federal statute or regulation gives the plaintiff a right to relief, or the complaint states a state-law claim that raises a

substantial federal question. *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 550 (6th Cir. 2006). The magistrate judge concluded that Smith's federal claim, such as it is, was insubstantial because it was frivolous. It is true that "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). However, this jurisdictional challenge generally is applied to claims that are fanciful, *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001) (dismissing complaint that "contain[ed] factual allegations that are 'fantastic or delusional'"), or where the federal question has been settled so that it is "no longer open to discussion" and therefore unsubstantial, *Field v. Michigan*, 255 F. Supp. 2d 708, 710-11 (E.D. Mich. 2003). Smith's claim that state officials abused power to foment complaints through child protective services agencies is not so fanciful or unsubstantial as to disqualify it on jurisdictional grounds.

However, under section 1915(e)(2)(B)(ii), a plaintiff's complaint is subject to dismissal for failure to state a claim if the factual allegations, taken as true, do not demonstrate that the plaintiff is entitled to relief. *Jones v. Bock*, 127 S. Ct. 910, 920 (2007). To be entitled to relief, the plaintiff's complaint must contain "'either direct or inferential allegations respecting all the material elements needed to sustain a recovery under *some* viable legal theory.'" *Brown v. Scott*, 329 F. Supp. 2d 905, 909 (E.D. Mich. 2004) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)) (emphasis in original). Although a *pro se* complaint is entitled to liberal construction, a court may not abrogate the basic essentials of federal notice pleading. *See Kamppi v. Ghee*, 208 F.3d 213, 213 (6th Cir. 2000) (affirming the *sua sponte* dismissal of a prisoner's claim for failure

to state a claim). The complaint should give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir.1994). A plaintiff is not permitted to amend a complaint to avoid a *sua sponte* dismissal. "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should sua sponte dismiss the complaint." *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

Dismissal of the plaintiff's complaint for failure to state a claim is appropriate here, because the plaintiff can show no facts consistent with the allegations that would entitle her to relief. The plaintiff has alleged no legal theory upon which the defendants can be held accountable for the myriad personal problems that form her complaint. Nor does the plaintiff allege specific facts that can be understood as the elements of any discernable legal claim. Moreover, the plaintiff cites no legal authority that would entitle her to the injunctive relief requested, even if the substance of that request were comprehensible.

To the extent that the Court construes the complaint as attempting to fashion a Fourteenth Amendment claim, the Court must conclude, as did Judge Whalen, that the plaintiff has not identified a deprivation of due process. At separate points in her complaint, the plaintiff appears to treat both custody of her children and deprivation of that custody as separate injuries. The plaintiff admits that at least seven complaints have been filed with Child Protective Services, and does not allege that CPS ever investigated her in the absence of a legitimate complaint. On the one occasion that her children were placed in temporary foster care, the plaintiff admits that the complaint was filed by the Southfield Police Department. There is no suggestion that the plaintiff was deprived by the defendants of fair notice and the ability to present a meaningful defense.

The Court agrees with Judge Whalen that the complaint fails to state a claim and must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation is **ADOPTED IN PART**, the plaintiff's objections [dkt #7] are **OVERRULED**, and the complaint is **DISMISSED WITH PREJUDICE.**

It is further **ORDERED** that the defendant's motion to dismiss [dkt #9] is **DENIED as moot**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 27, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 27, 2007.

s/Felicia M. Moses
FELICIA M. MOSES